UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEPHANIE MOORE                                    CIVIL ACTION

VERSUS                                             NO. 23-2897

ALLIED TRUST INSURANCE COMPANY                     SECTION "A" (3)

## ORDER AND REASONS

Before the Court are Defendant Allied Trust Insurance Company's ("Allied Trust") **Motion to Consolidate (Rec. Doc. 17)** and **Motion to Continue (Rec. Doc. 17)**. The Motions, set for submission on October 2, 2024, are before the Court on the briefs without oral argument. For the following reasons, Defendant's Motion to Consolidate is **DENIED** and Defendant's Motion to Continue is **DENIED AS MOOT.**[1]

### I.   Background

Plaintiff Stephanie Moore is a resident and homeowner in Destrehan, Louisiana.[2] At all relevant times in this lawsuit, her home was insured by Defendant Allied Trust.[3] In 2021, Plaintiff filed two separate and independent claims under her insurance policy.[4] Her first claim, which is before this Court under a separate case number, concerns damage to the interior of her home caused by a leaking water heater.[5] Her second claim, which is the subject of this case, concerns wind and rain damage caused by Hurricane Ida to the roof, exterior, interior and physical structure of the home.[6] The events

---

[1] The Court notes that Defendant seeks a continuance in Case No. 2:23-cv-2901, not the instant case (No. 2:23-cv-2897). *See* Rec. Doc. 17, at 2. If Defendant seeks a continuance in Case No. 2:23-cv-2901 for reasons other than those stated in the motion presently before the Court, it may file a motion in that case.

[2] Rec. Doc. 1-1, ¶ 2.

[3] *Id.* ¶ 3.

[4] *See* Rec. Doc. 17-6 (identifying a Sworn Statement in Partial Proof of Loss for losses due to "[a]ccidental discharge or overflow of water or steam" with a claim number of 2119269); Rec. Doc. 17-7 (identifying a Sworn Statement in Partial Proof of Loss for losses due to a hurricane with a claim number of 21112225).

[5] *See generally Moore v. Allied Trust Ins. Co.*, No. 2:23-cv-2901 [hereinafter Case No. 23-2901]; *see also* Rec. Doc. 19, at 1.

[6] Rec. Doc. 1-1, ¶ 4.

giving rise to the claims (her leaking water heater and Hurricane Ida, respectively) occurred just thirty-eight days apart.[7]

Plaintiff ultimately filed separate lawsuits based on the separate insurance claims in state court, each alleging Defendant breached the parties' insurance agreement by failing to provide sufficient funds for the damage.[8] Defendant subsequently removed both lawsuits to federal court.[9] Because the instant case arises out of property damage attributable to Hurricane Ida, it is subject to the Eastern District of Louisiana's Hurricane Ida Case Management Program, which sets forth procedures for expedited discovery and includes a streamlined settlement and mediation protocol.[10]

Defendant now seeks to consolidate the cases and continue the trial in the non-Hurricane Ida case "so that both cases can be set in accordance with the Case Management Order for hurricane cases."[11] Plaintiff opposes Defendant's motion, arguing that consolidation is prejudicial and creates a risk for jury confusion as it relates to the separate insurance claims.[12]

## II.   Legal Standard

Federal Rule of Civil Procedure 42(a) provides that, if actions before the Court involve a common question of law or fact, the Court may join for hearing or trial any or all matters at issue in the actions, consolidate the actions, or issue any other orders to avoid unnecessary cost or delay. A trial court has broad discretion in determining whether to consolidate an action. *See Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985). In determining whether consolidation is appropriate, courts may consider a number of factors, including:

> (1) whether the actions are pending before the same court; (2) whether common parties are involved in the cases; (3) whether there are

---

[7] Rec. Doc. 17-1, at 1.

[8] *See* Rec. Doc. 1-1, ¶ VIII; Case No. 23-2901, Rec. Doc. 1-1, ¶ VIII.

[9] *See* Rec. Doc. 1; Case No. 23-2901, Rec. Doc. 1.

[10] *See* Rec. Doc. 9, at 2.

[11] Rec. Doc. 17-1, at 2.

[12] Rec. Doc. 19, at 3.

> common questions of law and/or fact; (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately; and (5) whether consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately. Another factor is whether the cases are at the same stage of preparation for trial.

*In re Enron Corp. Sec., Derivative & ERISA Litig.*, Nos. H-01-3624, *et al.*, 2007 WL 446051, at *1 (S.D. Tex. Feb. 7, 2007) (internal citations and quotations omitted).

Although consolidation is a tool designed to advance the interests of equity, efficiency, and judicial economy, if it results in prejudice to the rights of either party, the interests of efficiency and economy must give way. *Advocacy Ctr. v. Kliebert*, No. 15-751, No. 14-507, 2016 WL 3660497, at *1 (M.D. La. Feb. 3, 2016).

## III.   Discussion

The two cases here share the following similarities: they are before the same court, involve the same parties, concern the same property, and have overlapping legal claims.[13] But the factual bases giving rise to each case are distinct. The instant case concerns damage to Plaintiff's home that was inflicted by Hurricane Ida, while the case Defendant seeks to consolidate it with concerns damage to the same property inflicted by a broken water heater thirty-eight days before Hurricane Ida made landfall. Defendant admits that it "investigated [Plaintiff's first claim] and made payments on the claim prior to the [loss inflicted by Hurricane Ida]," [14] but later "invoked appraisal for both claims" and ultimately issued only one award that purportedly covered both claims.[15] The Court declines to

---

[13] *Compare* Rec. Doc. 1-1, ¶¶ VIII-XI, *with* Case. No. 23-2901, Rec. Doc. 1-1, ¶¶ VIII-XI; *see also* Rec. Doc. 19, at 1 ("The only nexus between these two events is that they involve the same insurer, Allied Trust Insurance Company; the same insured, Stephanie Moore; and the same insured property.").

[14] Rec. Doc. 17-1, at 1; *see also* Rec. Doc. 19, at 2 (noting that "Allied Trust inspected the damage to Ms. Moore's home and contents, and that significant mitigation work was completed, documented, and photographed by mid-August").

[15] Rec. Doc. 17-1, at 2.

3

consolidate these cases, in part, due to the heightened risk that a jury may become confused and improperly conflate the damages claimed in the unrelated insurance claims.

The Court also notes that, because the instant case is subject to a Hurricane Ida Case Management Order ("Ida CMO"), the cases are at different stages of preparation for trial, which further weighs against consolidation. *In re Enron*, 2007 WL 446051, at *1. According to Defendant, the instant case "recently went to mediation and is awaiting certification of a failed mediation by the special master as required by the CMO."[16] Because of this, a trial date has not yet been scheduled.[17] Trial in the non-Hurricane Ida case, on the other hand, is scheduled for March 24, 2025.[18] By granting Defendant's motions, the Court would derail a pending trial setting and impose Ida CMO deadlines onto a case that, standing alone, would not qualify for the Hurricane Ida Case Management Program—resulting in prejudice to the rights of Plaintiff.[19]

Accordingly;

**IT IS ORDERED** that Defendant's **Motion to Consolidate (Rec. Doc. 17)** is **DENIED** and Defendant's **Motion to Continue (Rec. Doc. 17)** is **DENIED AS MOOT.**

October 2, 2024

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[16] *Id.* at 4.

[17] *Id.*

[18] *See* Case No. 23-2901, Rec. Doc. 14, at 2.

[19] *See* Rec. Doc. 17-1, at 4 ("Allied requests a continuance of the trial so that both cases can be set in accordance with the Case Management Order for hurricane cases.").